

**THE CITY OF NEW YORK**

# LAW DEPARTMENT

HON. SYVLIA O. HINDS-RADIX
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NY 10007

KIMBERLY R. KARSEBOOM
Phone: (212) 356-1654
Fax: (212) 356-2439
Email: kkarsebo@law.nyc.gov

August 22, 2023

**Via ECF**
Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East, Room 1426S
Brooklyn, NY 11201

    Re:    Gairy, Alexus v. The City of New York, et al
             Case No. 22-cv-00802

Dear Judge Garaufis:

       I am an Assistant Corporation Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for defendant City of New York ("City") in the above-referenced matter. The City writes to request respectfully a pre-motion conference concerning its anticipated motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

### A.    Background

       Defendant/Third-Party Plaintiff Morris Lewis, ("Lewis") a Captain employed by the New York City Department of Correction ("DOC") has filed cross-claims against the City of New York and the DOC, (collectively "City Defendants"), alleging (1) employment discrimination based on gender in violation of 42 U.S.C. § 2000e et seq. ("Title VII"), the Executive Law § 296 ("SHRL"), and the Administrative Code of City of New York § 8-107 ("CHRL"); (2) hostile work environment; (3) retaliation in violation of the SHRL and CHRL; and (4) "conspiracy in violation of the Third-Party Plaintiff's rights under Title VII, Section 296 of New York State Executive Law, and Administrative Code § 8-107 and 120(a)(8). . ." Id.

       On August 16, 2023, Magistrate Judge Bulsara granted the City Defendants' application to extend their time to answer the cross-claims to August 23, 2023. Therefore this motion to dismiss is timely. In his cross-claims, Lewis alleged that two other DOC Captains, Brathwaite and Phillips, participated in a conspiracy to instigate Plaintiff Gairy to make her complaints against Lewis, despite Plaintiff Gairy's complaints of sexual harassment and retaliation being substantiated after an extensive investigation. Id. at ¶¶ 239-41. Lewis, after being placed on modified duty due to Plaintiff Gairy's complaint against him, filed a charge with the EEOC. Id. at

¶ 244. Lewis alleged that this conspiracy and his EEOC charge resulted in him being placed on modified duty again after his EEOC complaint was made. Id. at ¶¶ 248-49.

**B.   Lewis' cross-claims against the City should be dismissed as he failed to state a cause of action**

### *(i)   Gender discrimination.*

To establish a prima facie case of discrimination, a party must show that he is a member of a protected class, that he was qualified for the position, and that he suffered an adverse employment action under circumstances giving rise to an inference of discrimination. See Valtchev v. City of N.Y., 400 F. App'x 586, 591 (2d Cir. 2010). While a party need not establish a prima facie case at the motion to dismiss stage, to survive such a motion a complaint of discrimination "must be plausibly supported by facts alleged . . . that the [party] is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent." Id. at 311 (emphasis added).

Under the CHRL, a party must still plead facts that "she has been treated less well than other employees because of her protected status[,] or that discrimination was one of the motivating factors for the defendant's conduct." Chin v. N.Y.C. Hous. Auth., 106 A.D.3d 443, 445 (1st Dep't 2013), appeal denied, 22 N.Y.3d 861 (2014); Massaro v. Department of Educ. of the City of N.Y., 121 A.D.3d 569, 570 (1st Dep't 2014).

Lewis does not plead any allegations that this alleged ploy was based on his gender, instead alleging that it was based on Third-Party Defendants' Brathwaite and Phillips being removed from an assignment in favor of Lewis. Thus, Lewis essentially concedes there is no inference of discrimination based on gender.

### *(ii)   Hostile work environment.*

A hostile work environment is created "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Sys., 510 U.S. 17 (1993); see Forrest v. Jewish Guild for the Blind, 3 N.Y.3d 295 (2004). Under the CHRL, "a plaintiff claiming a hostile work environment need only demonstrate that he or she was treated 'less well than other employees' because of the relevant characteristic." Bilitch v. New York City Health & Hosps. Corp., 194 A.D.3d 999, 1003 (2d Dep't 2021).

As above with respect to gender discrimination, Lewis does not allege facts that support an inference that he was subject to modified duty due to a protected characteristic, in this case, his gender.

### *(iii)   Retaliation.*

To state a claim of retaliation under the SHRL, "the complaint must allege that (1) [plaintiff] engaged in a protected activity by opposing conduct prohibited thereunder; (2) defendants were aware of that activity; (3) [s]he was subject to an adverse action; and (4) there was a causal connection between the protected activity and the adverse action." Fletcher v. Dakota, Inc., 99 A.D.3d 43, 51 (1st Dep't 2012). In order to state a claim for retaliation under the CHRL,

a plaintiff is required to show that she "participated in a protected activity known to defendants; (2) defendants took an action that disadvantaged [her]; and (3) a causal connection exists between the protected activity and the adverse action.'" Cadet-Legros v New York Univ. Hosp. Ctr., 2015 N.Y. App. Div. LEXIS 9074, *18-19 (1st Dep't 2015); Fletcher, 99 AD3d at 51-52.

In addition, the Second Circuit has held that where an employee is already aware of discipline against him and subsequently engages in protected activity, there can be no inference that the causal connection exists between the protected activity and the adverse action. McLee v. Chrysler Corp., 109 F.3d 130, 135-36 (2d Cir. 1997).

Here, Lewis was not engaged in any protected activity until after he was placed on modified duty due to the substantiated sexual harassment and retaliation complaint against him. In fact, Lewis confirmed that he was placed on modified duty before he filed his EEOC complaint. Even if Lewis contends he was again placed on modified duty after his EEOC complaint, there can be no inference of causation under McLee. In any event, it is clear Lewis was placed on modified duty due to a substantiated sexual harassment and retaliation complaint against him, and not because he later made a complaint to the EEOC.

*(iv)   Conspiracy.*

Insofar as the cross-claim includes a conspiracy action under 42 U.S.C. § 1985, the Supreme Court and Second Circuit have held "that in light of the enforcement and conciliation mechanism created by Congress for claims under Title VII, the deprivation of a right created by Title VII cannot be the basis for a cause of action under § 1985(3)." Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 527 (2d Cir. 1996) (quoting Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 372 (1976).

Further, "[i]t is well settled that claims of conspiracy 'containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss.'" Gallop v. Cheney, 642 F.3d 364, 369 (2d Cir. 2011) (quoting Leon v. Murphy, 988 F.2d 303, 311 (2d Cir. 1993)).

I thank the Court for consideration of this matter.

Respectfully submitted,

/s/

Kimberly R. Karseboom
Assistant Corporation Counsel
Attorney for Defendant