UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALEXUS GAIRY,

                Plaintiff,

-against-

THE CITY OF NEW YORK, et al,

                Defendants.

MORRIS LEWIS,

         Cross Claim Defendant/Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

         Cross Claim Defendants.

MORRIS LEWIS,

                Third-Party Plaintiff,

-against-

JERMAINE PHILLIPS, et al.,

                Third-Party Defendants.

**MEMORANDUM & ORDER**
**23-CV-00802 (NGG) (SJB)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant Morris Lewis's application for a preliminary injunction. (*See* Mot. (Dkt. 30).) Plaintiff Alexus Gairy has filed a response in opposition to Lewis's application, (*see* Gairy Opp. (Dkt. 32)), as have Defendants the City of New York and the New York City Department of Corrections (collectively the "City Defendants"). (*See* City Defs' Opp. (Dkt. 31).) For the reasons discussed below, Lewis's application is DENIED.

## I. BACKGROUND

Plaintiff Alexus Gairy is a Corrections Officer with the New York City Department of Corrections ("DOC"). (Compl. ¶¶ 13-14.) On February 2, 2023, Gairy filed a complaint against the City Defendants, Morris Lewis, and Seeta Doechan. (*See generally* Compl.). In the complaint, Gairy's allegations included that she was subject to gender discrimination and retaliation at the hands of Morris Lewis, her supervisor at the DOC. (*Id.* ¶¶ 15-19, 36-38, 63, 65, 71-74.) Gairy seeks relief under various anti-discrimination and retaliation provisions of federal, state, and local law. (*Id.* ¶¶ 119-198.)

The City Defendants and Doechan filed answers to Gairy's complaint on June 7, 2023, and June 23, 2023, respectively. (*See generally* City Defs' Ans. (Dkt. 20); Doechan Ans. (Dkt. 22).) Lewis filed his answer on June 27, 2023, and brought third-party claims against Darwin Brathwaite and Jermaine Phillips, as well as crossclaims against the City Defendants. (*See generally* Lewis Ans. (Dkt. 24).) Lewis alleges that Brathwaite and Phillips, both Captains within the Department of Corrections, orchestrated a coordinated campaign of false accusations of sexual harassment and discrimination against him due to a professional rivalry. (Lewis Ans. ¶¶ 232-33, 235-40.) He contends that Gairy's claims in the present action, as well as those brought by Laurice Williams and Anne Cronin in separate civil actions in this district (23-CV-836 (BMC) (PK) and 23-CV-1573 (FB) (LB)), are part of this campaign. (*Id.* ¶ 239, Mot. at 1-2.)

Lewis informs the court that he is the subject of a "quasi-judicial proceeding" before the Office of Administrative Trials and Hearings ("OATH") relating to allegations brought by Gairy, Williams,

and Cronin. (Mot. at 2-3.)[1] Lewis asks the court to issue a preliminary injunction enjoining the pendency of the OATH proceeding because factual determinations made in the OATH proceeding would have preclusive effect, preventing Lewis from presenting his telling of the underlying events in this action. (*Id.* at 5-6.) Lewis made nearly identical motions in *Cronin v. City of New York* and *Williams v. City of New York*, and the courts in each case denied Lewis's application for injunctive relief because Lewis had not shown that he faced irreparable harm from the pendency of the OATH proceeding. *See Cronin*, 23-CV-1573 (FB) (LB), 2023 WL 5831166, at *2-3 (E.D.N.Y. Sept. 6, 2023); *Williams*, 23-CV-836 (BMC) (JK), 09/26/2023 Order.[2]

Below the court addresses Lewis's motion in this case.[3]

---

[1] According to Lewis, the DOC also investigated the allegations against him, and substantiated those brought by Plaintiff Gairy and Laurice Williams, though the DOC's findings do not entirely overlap with the factual allegations in Gairy's and Williams's civil actions. (Mot. at 2-3.)

[2] In *Williams*, Lewis filed a motion for reconsideration of his application for injunctive relief. (23-CV-836 (BMC) (JK), Lewis Mot. for Reconsideration (Dkt. 37).) Judge Cogan denied this motion, noting that Lewis's involvement in OATH proceedings do not rise to the level of an "exceptional circumstance[]" warranting reconsideration. *Williams*, 2023 WL 6385823, at *2 (E.D.N.Y. Sept. 29, 2023).

[3] The parties also dispute whether the court should grant the City Defendants' motion to dismiss Lewis's cross-claims. (Mot. at 8-9; City Defs' Opp. at 1-2; Gairy Opp. at 1-3.) But the City Defendants have not yet received the court's permission to move to dismiss Lewis's cross-claims. On August 22, 2023, the City Defendants filed a request for a pre-motion conference on an anticipated motion to dismiss Lewis's cross-claims. (*See* PMC Request (Dkt. 29).) The court granted the request on August 25, 2023 and directed the parties to contact the court's Deputy to set up a conference. (*See* 8/25/2023 Order.) This pre-motion conference has not yet taken place and the court has not granted the City Defendants leave to move to dismiss. Accordingly, there is no pending motion to dismiss Lewis's cross-claims. If the City Defendants wish to move to dismiss the cross-claims, they must set up a pre-motion conference to discuss such a motion and receive the

## II. DISCUSSION

### A. Legal Standard

A preliminary injunction is an "extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). A district court may grant a preliminary injunction when the plaintiff demonstrates: (1) a likelihood of success on the merits; (2) irreparable harm in the absence of an injunction; (3) a balance of hardships tipping in their favor; and (4) non-disservice of the public interest by issuance of a preliminary injunction. *Salinger v. Colting*, 607 F.3d 68, 79-80 (2d Cir. 2010).

"Irreparable harm 'is the single most important prerequisite' for injunctive relief, and 'in the absence of a showing of irreparable harm, a motion for a preliminary injunction should be denied.'" *De Jesus Moreno v. Nielsen*, 460 F. Supp. 3d 291, 297 (E.D.N.Y. 2020) (quoting *Upal v. New York State Dep't of Health*, 756 F. App'x 95, 96 (2d Cir. 2019) (Summary Order)). "[T]o satisfy the irreparable harm requirement, plaintiffs must demonstrate that absent a preliminary injunction, they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Faively Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009).

### B. Analysis

Lewis grounds his argument for a preliminary injunction in the possibility that he will be irreparably harmed if the OATH proceeding collaterally estops him from arguing here that Gairy's

---

court's permission to file it. *See* Individual Rules of Judge Nicholas G. Garaufis V.A.

allegations were part of a vast scheme to concoct false accusations of sexual harassment and discrimination against him.

But that the upcoming OATH hearing will prejudice Lewis is by no means a foregone conclusion. "The Supreme Court has held that, as a matter of federal common law issue preclusion, 'when a state agency acting in a judicial capacity . . . resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts.'" *Locurto v. Giuliani*, 447 F.3d 159, 170 (2d Cir. 2006) (quoting *Univ. of Tennessee v. Elliott*, 478 U.S. 788, 799 (1986)). New York state courts give "quasi-judicial administrative fact-finding preclusive effect where there has been a full and fair opportunity to litigate" and "the issue sought to be precluded [is] identical to a material issue necessarily decided by the administrative agency in a prior proceeding." *Id.* at 170-71; *see also Gonzalez v. City of New York*, 442 F. Supp. 3d 665, 693 (S.D.N.Y. 2020). Courts in this Circuit have wavered on granting factual findings in OATH proceedings issue preclusive effect. *Compare James v. N.Y.C. Health and Hospitals Corp.*, No. 15-CV-6015 (PAE), 2017 WL 3923675, at *8 (S.D.N.Y. Sept. 6, 2017) (declining to grant issue preclusive effect to findings made during an OATH proceeding) *and Cortes v. City of New York*, 700 F. Supp. 2d 474, 486 (S.D.N.Y. Mar. 30, 2010) (same) *with Gonzalez*, 442 F. Supp. 3d at 693 (granting factual findings in an OATH proceeding issue preclusive effect) *and Quire v. City of New York*, No. 19-CV-10504 (RA), 2021 WL 293819, at *6 (S.D.NY. Jan. 28, 2021) (same).

The court is unable to prospectively determine that findings made in the OATH proceeding will be given issue preclusive effect in this case, let alone that such findings would deny Lewis's right to present his defense. The issues that Lewis fears will be

precluded in the instant action may not be "material issue[s] necessarily decided" in the OATH proceeding. *Locurto*, 447 F.3d at 171. Indeed, many of the parties relevant to Lewis's proposed "conspiracy defense" are not involved in the OATH proceeding. The matter was instigated by the DOC not by Lewis's accusers—Cronin, Gairy, and Williams—and does not involve Third-Party Defendants Phillips and Brathawaite. (Mot. at 2-4; Gairy Opp. at 4.) The proffered irreparable harm is thus speculative and is in no way "actual and imminent." *Faiveley Transp. Malmo AB*, 559 F.3d at 118.

Moreover, Lewis's assertion that his constitutional right to present a defense may be implicated does not absolve him of his burden to show irreparable harm. Irreparable harm may be assumed from a deprivation of constitutional rights, *Elrod v. Burns*, 427 U.S. 347, 373 (1976), though the assertion of a constitutional injury alone, without convincingly demonstrating deprivation, is insufficient to trigger a finding of irreparable harm. *See Donohue v. Mangano*, 886 F. Supp. 2d 126, 150 (E.D.N.Y. 2012); *Williams v. City of New York*, No. 17-CV-2302 (RJD) (SMG), 2018 WL 1785486, at *5 (E.D.N.Y. Apr. 13, 2018). Here, Lewis has asserted that a future contingency may implicate his constitutional right to present a defense. (Mot. at 6-7.) He has not, however, shown that this contingency is likely to occur or deprive him of this right. Irreparable harm cannot be found on this basis alone.

Lewis cites *Schoolcraft v. City of New York*, 955 F. Supp. 2d 192 (S.D.N.Y. 2013), as an instance where a district court enjoined a state administrative proceeding due to concerns of its issue preclusive effect on the defendant's defense. (Mot. at 3-4.) In that case, the plaintiff brought claims in federal court against the NYPD arising from the alleged seizure of plaintiff, and concurrently faced NYPD administrative disciplinary proceedings concerning, in part, the same seizure. *Schoolcraft*, 955 F. Supp.

6

at 195-96. The court found that determinations in the NYPD disciplinary proceeding could overlap with factual issues relating to plaintiff's claims that might lead to determinations with issue preclusive effect. *Id.* at 200. Under its preliminary injunction analysis, the court found the possibility of irreparable harm existed because the NYPD administrative proceeding would be carried out by the defendants and therefore "not only outside the bounds of the judicial process, but also under the auspices of an entity that is not only a party to the instant action, but also stands to sustain significant damage if Plaintiff succeeds in proving his claims." *Id.* at 199 (internal quotations omitted).

Here, Lewis's administrative proceedings are not conducted by parties to this action, but rather a neutral agency that does not stand to gain from the outcome of the proceedings. The court does not consider his OATH proceedings to be "outside the bounds of the judicial process" when it appears Lewis has been represented by counsel throughout the administrative proceedings. Facing the same issue in *Cronin*, Judge Block stated that "[t]o the extent that any questions of issue preclusion might arise down the road, this Court shall address them at that time." 2023 WL 5831166, at *2. The court agrees with this approach. An adverse outcome for Lewis in the OATH proceeding will not automatically require this court "to terminate all proceedings other than the issues concerning the extent of [Lewis's] alleged liability." (Lewis Reply (Dkt. 37) at 3.) Such is hyperbole. The preclusive effect, if any, of specific findings made in the OATH proceeding can be determined on a case-by-case basis at a later date.

7

In sum, Lewis has not shown he is entitled to a preliminary injunction.[4]

### III.    CONCLUSION

For the foregoing reasons, the court DENIES the request for a preliminary injunction.

SO ORDERED.

Dated:   Brooklyn, New York
         October 4, 2023

                                        s/Nicholas G. Garaufis
                                        NICHOLAS G. GARAUFIS
                                        United States District Judge

---

[4] The City Defendants also argue that *Younger* abstention bars the court from preliminarily enjoining Lewis's OATH proceeding. (City Defs' Opp. at 2.) Because Lewis's motion fails for other reasons, the court will not address whether the court must abstain under *Younger*. *See also Cronin*, 2023 WL 5831166, at *2 n.2.