```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```
ALEXUS GAIRY,

                Plaintiff,

    -against-

THE CITY OF NEW YORK, et al.,

                Defendants.

MORRIS LEWIS,

            Cross Claim Plaintiff,

    -against-

THE CITY OF NEW YORK, et al.,

    Cross Claim Defendants.

MORRIS LEWIS,

                Third-Party Plaintiff,

    -against-

JERMAINE PHILLIPS, et al.,

                Third-Party Defendants.

**MEMORANDUM & ORDER**
**23-CV-00802 (NGG) (SJB)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant Morris Lewis's second application for a preliminary injunction. (*See* Not. of Mot. (Dkt. 48); Mem. in Support of Mot. ("Mot.") (Dkt. 48-2); Supp. to Mot. (Dkt. 49).) Plaintiff Alexus Gairy has filed a response in opposition to Lewis's application, (*see* Gairy Opp. (Dkt. 54)), as have Defendants the City of New York and the New York City Department of Corrections (collectively the "City Defendants"). (*See* City Defs.' Opp. (Dkt. 53).) For the reasons discussed below, Lewis's application is DENIED.

I.  BACKGROUND

The court assumes familiarity with the background of this action brought by Plaintiff Alexus Gairy against the City Defendants, Morris Lewis, and Seeta Doechan alleging gender discrimination and retaliation in violation of various anti-discrimination and retaliation provisions of federal, state, and local law. (*See* Compl. (Dkt. 1) ¶¶ 119-198.)

On September 14, 2023, Defendant Lewis filed a motion for injunctive relief wherein he sought to enjoin the pendency of a proceeding before the Office of Administrative Trials and Hearings ("OATH") relating to allegations brought by Gairy, and two non-party individuals, Anne Cronin and Laurice Williams. (*See* 2023 Mot. for Preliminary Injunction (Dkt. 30) at 1-3.)[1] This court denied Lewis's motion, concluding that he failed to show evidence of irreparable harm. (*See* Mem. & Order ("M&O") dated 10/4/2023 at 6-8.)[2]

Lewis comes now before the court in an attempt to revive his prior preliminary injunction motion, arguing that this court should "temporarily enjoin[]" the New York City Department of Corrections' ("DOC") decision to terminate Lewis's employment. (Mot. at 2, 7.) While targeted at a different agency, the underlying request is effectively the same: Lewis asks this court to enjoin the DOC's decision for fear of its preclusive effect in this case. (*Id.*) Essentially, Lewis argues that the DOC's decision to terminate him was unnecessary and prejudicial and must therefore be

---

[1] Those non-parties have separate civil actions in this district alleging allegations of misconduct by Defendant Lewis. *See Cronin v. City of New York*, 23-CV-1573 (FB) (LB), (E.D.N.Y. Feb. 28, 2023); *Williams v. City of New York*, 23-CV-836 (NCM) (PK) (E.D.N.Y. Feb. 3, 2023).

[2] Notably, the courts in *Cronin* and *Williams* also denied Mr. Lewis's near identical motions on similar grounds. *See Cronin*, 23-CV-1573 (FB) (LB), 2023 WL 5831166, at *2-3 (E.D.N.Y. Sept. 8, 2023); *Williams*, 23-CV-836 (BMC) (PK), 09/26/2023 Order.

2

enjoined so that he is afforded his First Amendment right to defend himself against the underlying claims here in federal court. (*Id.* at 7.)

## II. DISCUSSION

### A. Legal Standard

A preliminary injunction is an "extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).[3] A district court may grant a preliminary injunction when the plaintiff demonstrates: (1) a likelihood of success on the merits; (2) irreparable harm in the absence of an injunction; (3) a balance of hardships tipping in their favor; and (4) that the public's interest would not be disserved by issuance of a preliminary injunction. *Salinger v. Colting*, 607 F.3d 68, 79-80 (2d Cir. 2010).

"Irreparable harm 'is the single most important prerequisite' for injunctive relief, and 'in the absence of a showing of irreparable harm, a motion for a preliminary injunction should be denied.'" *De Jesus Moreno v. Nielsen*, 460 F. Supp. 3d 291, 297 (E.D.N.Y. 2020) (quoting *Upal v. New York State Dep't of Health*, 756 F. App'x 95, 96 (2d Cir. 2019) (Summary Order)). "This element is so critical to the Court's inquiry that the Court need not reach any of the other requirements necessary for the grant of injunctive relief where irreparable harm has not been demonstrated." *Clark v. Childs*, 416 F. Supp. 3d 221, 223 (E.D.N.Y. 2017).

### B. Analysis

As was the case when deciding Lewis's last motion, the court need not address the other elements for preliminary injunction

---

[3] When quoting cases, and unless otherwise noted, all citations and quotation marks are omitted, and all alterations are adopted.

because he has failed to demonstrate that he would suffer irreparable harm in the absence of injunctive relief.

"[T]o satisfy the irreparable harm requirement, plaintiffs must demonstrate that absent a preliminary injunction, they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Faively Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009). "Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances." *Moore v. Consol. Edison Co. of N.Y.*, 409 F.3d 506, 510 (2d Cir. 2005).

Lewis argues that the instant injunction application is not asking to vacate the DOC's final decision, but rather to "maintain the status quo." (Supp. to Mot. at 2.) In so arguing, Lewis claims that the DOC's decision has "obvious preclusive effect" on the "very issues that are being litigated" in the instant proceedings which thereby deny him the right to defend himself against the underlying claims. (*Id.* at 3.)

As this court explained in its last Memorandum & Order, New York state courts give "quasi-judicial administrative fact-finding preclusive effect where there has been a full and fair opportunity to litigate" and "the issue sought to be precluded [is] identical to a material issue necessarily decided by the administrative agency in a prior proceeding." *Locurto v. Giuliani*, 447 F.3d 159, 170-71 (2d Cir. 2006) (internal citations omitted). However, courts in this Circuit have wavered on granting factual findings in OATH proceedings issue preclusive effect. *Compare James v. N.Y.C. Health and Hospitals Corp.*, No. 15-CV-6015 (PAE), 2017 WL 3923675, at *8 (S.D.N.Y. Sept. 6, 2017) (declining to grant issue preclusive effect to findings made during an OATH proceeding) *and Cortes v. City of New York*, 700 F. Supp. 2d 474, 486 (S.D.N.Y. 2010) (same) *with Gonzalez v. City of New York*, 442 F. Supp. 3d

4

665, 693 (S.D.N.Y. 2020), *aff'd*, 845 F. App'x 11 (2d Cir. 2021) (granting factual findings in an OATH proceeding issue preclusive effect) *and Quire v. City of New York*, No. 19-CV-10504 (RA), 2021 WL 293819, at *6 (S.D.NY. Jan. 28, 2021) (same).[4]

Now that the OATH proceedings have concluded, Lewis argues that the DOC's decision to terminate him constitutes a final decision that must be afforded preclusive effect in this action. (Mot. at 5.) And if this is a final decision, Lewis further argues that he would therefore be barred from presenting any defense in this action and Plaintiff would necessarily prevail in the absence of a preliminary injunction. (*Id.*)

However, "Lewis's assertion that his constitutional right to present a defense may be implicated does not absolve him of his burden to show irreparable harm." (M&O dated 10/4/2023 at 6.) Indeed, Judge Brian Cogan contemplated—and foreclosed—this exact scenario when denying Lewis's first application for injunctive relief in a related case in which Lewis is a party. *See* Text Order dated 9/26/2023 in *Williams*, 23-CV-836 (BMC) (PK).[5]

---

[4] (*See also* M&O dated 10/4/2023 at 5.)

[5] Judge Cogan explained:

> Defendant Lewis claims he will be irreparably harmed by the OATH proceeding because the findings of that body will have preclusive effect in this case. Lewis's motion presents two contrary positions, but neither satisfies the "irreparable harm" standard. **First, he says he will prevail in the OATH proceedings. In that case, there would be no irreparable harm.** Then, he contradicts himself, saying he will lose before the OATH tribunal because the OATH proceedings are unfair. But if that's the case, and (as Lewis claims) he is unable to present evidence and defend himself, then the OATH proceeding would have no preclusive effect because this Court is only required to credit OATH's fact-finding if that body affords Lewis a "full and fair opportunity to litigate." *Locurto v. Giuliani*, 447 F.3d 159, 170 (2d Cir. 2006). Thus, in neither case

The focus of the present motion is on the findings made during and after the OATH proceedings. In the OATH proceedings, the Administrative Law Judge ("ALJ"), Michael D. Turilli, determined after a four-day trial that the DOC (1) "did not establish that [Lewis] sexually harassed Officer Gairy in late 2020" and (2) "did not establish that [Lewis] retaliated against Officer Gairy by removing her from the [Special Search Team] schedule for one day in March 2021." (Ex. 4 to Mot. ("OATH R&R") (Dkt. 48-6) at 31.) The ALJ found that the DOC did, however, establish that Lewis sexually harassed and retaliated against other officers and therefore recommended that Lewis be demoted from captain to correction officer. (*Id.* at 35-36.) The Commissioner of the DOC, Lynelle Maginley-Liddie, after reviewing the ALJ report, ultimately rejected the ALJ's recommendation to demote Lewis and instead concluded that Lewis must be terminated for what she considered to be repeated misconduct toward female officers. (Ex. 3 to Mot. ("Action of the Comm'r") (Dkt. 48-5) at ECF 7-8.)

Lewis appears to argue that the DOC's decision to terminate him was an unnecessary overstep that is inextricably linked to findings of gender discrimination in the case of Gairy and findings of sexual harassment as to other officers such that he will be precluded from presenting a defense in this action. (Mot. at 2, 4, 8.) In attempting to parse Lewis's argument, the court first recounts the findings regarding Plaintiff Gairy's allegations, and then considers the DOC's decision to terminate, rather than demote, Lewis. The ALJ's findings relate to Gairy because the ALJ found that Lewis "punched Officer Gairy in her injured arm on one occasion in October 2020" but there was no evidence to conclude

---

can Lewis establish that he will suffer irreparable injury in the absence of an injunction. *See Salinger v. Colting*, 607 F.3d 68, 79-80 (2d Cir. 2010); *see also Clark v. Childs*, 416 F. Supp. 3d 221, 223 (E.D.N.Y. 2017)

*Id.* (emphasis added).

that the punch was "flirtatious behavior." (OATH R&R at 20.) Despite this finding, the ALJ concluded that "neither [Lewis's] comment about her injury nor the context of the interaction established that the punch to her injured arm was more likely than not based on her gender." (*Id.*) The ALJ went further to conclude that this conduct failed to constitute misconduct even under the DOC's rules. (*Id.* at 21 n.3.) Moreover, the Commissioner, in justifying Lewis's termination does not rely on any individual factual findings with respect to Plaintiff Gairy. The Commissioner instead discusses the "egregious" behavior of Lewis with respect to conduct aimed at non-party Williams and another officer. (Action of the Comm'r at ECF 8.) Thus, contrary to Lewis's argument, nothing in the record suggests that the OATH or the DOC determinations would be preclusive as they do not appear to relate to gender discrimination as to Plaintiff Gairy. As Judge Cogan predicted, Lewis cannot show irreparable harm where the allegations against him were found to be unsubstantiated. Text Order dated 09/26/2023 in *Williams*, 23-CV-836 (BMC) (PK).

Lewis also makes a convoluted argument that attempts to shift the focus to the DOC's decision to terminate him as creating irreparable harm. (Mot. at 4.) Yet, he simultaneously argues that his injunction application is not aimed at annulling the termination, but rather maintaining the status quo by preserving his ability to present a defense in this case. (Supp. to Mot. at 3.) This argument is not clear, but Lewis seems to insinuate that the DOC's decision to terminate him effectively overrides the findings of the ALJ. In other words, by terminating Lewis, the DOC ignored the findings of the ALJ and concluded that Lewis was guilty of all the acts that the three female officers alleged. (*See id.* at 4.) This argument does not hold water for the reasons already discussed. The Commissioner determined that the *substantiated* allegations were repeated acts of misconduct and found that termination was appropriate under the circumstances. (Action of the Comm'r at ECF 8.) Without a showing that Lewis lacked a

7

full and fair opportunity to contest the issues relevant to this case, the court cannot discern how the status quo would support an injunction. Lewis will still be able to raise any defense against Plaintiff Gairy and may even benefit from the findings of the ALJ in mounting said defense.

To the extent Lewis is arguing that the termination itself constitutes irreparable harm, this too lacks merit. The loss of employment is compensable by monetary damages and therefore does not constitute irreparable harm. *See Bagley v. Yale Univ.*, No. 13-CV-1890 (CSH), 2014 WL 7370021, at *7 (D. Conn. Dec. 29, 2014) (noting that termination of employment, even if discriminatory, cannot constitute irreparable harm where the possibility of adequate compensation or other relief is available); *see also Oliver v. New York State Police*, 812 F. App'x 61, 62 (2d Cir. 2020) ("As a general matter, because monetary injury can be estimated and compensated, the likelihood of such injury usually does not constitute irreparable harm."). Moreover, the fact that Lewis has already been terminated further weighs against injunctive relief because it "suggests that there is, in fact, no irreparable injury." *Citibank N.A. v. Citytrust*, 756 F.2d 273, 277 (2d Cir. 1985).

As Lewis cannot establish irreparable harm, his motion must be DENIED.[6]

---

[6] In the event this court granted injunctive relief, Defendant Lewis also sought "affordable reasonable accommodation" for injuries sustained during an inmate assault where the DOC "may attack Mr. Lewis's request for temporary accommodation." (Mot. at 9.) Because this court declines to grant injunctive relief, this request is also DENIED. The court separately notes that even if the motion were granted, a conclusory and speculative request for accommodation would be wholly insufficient to warrant relief. *See Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022) ("[A]llegations of *possible* future injury are not sufficient.") (quoting *Am. Civ. Liberties Union v. Clapper*, 785 F.3d 787, 800 (2d Cir. 2015)) (emphasis in original).

### III.  CONCLUSION

For the foregoing reasons, Defendant Lewis's request for a preliminary injunction is DENIED.

SO ORDERED.

Dated:  Brooklyn, New York
        April 4, 2024

                                    s/Nicholas G. Garaufis
                                    NICHOLAS G. GARAUFIS
                                    United States District Judge

9